Roland J. Fernekes et al., Respondents, *v.* CMP Industries, Inc. et al., Appellants.

Third Department, December 20, 1961.

*Hinman, Straub, Pigors & Manning* (*John J. Clyne* of counsel), for CMP Industries, Inc., appellant.

*Poskanzer & Muffson* for National Commercial Bank and Trust Company of Albany, appellant.

*Whalen, McNamee, Creble & Nichols* (*Charles E. Nichols* of counsel), for respondents.

TAYLOR, J. This suit in equity was instituted by plaintiffs to establish the extent of their respective rights in funds held by defendant, the National Commercial Bank and Trust Company of Albany, as trustee under a " Salaried Employees' Retirement and Profit-Sharing Program of Consolidated Metal Products Corporation." Subsequently by change of its corporate name Consolidated Metal Products Corp., hereinafter referred to as the Company, became CMP Industries, Inc., the appellants herein.

Prior to October 31, 1958 the business of the company was divided into two units, each of which was separately operated in the same plant. One known as the Transportation Division was principally engaged in the manufacture of mechanical and electrical equipment for use in the public transportation field and the other, denominated the Ticonium Division, operated a dental alloy business and also supplied customers with dental laboratory equipment used to process metals and acrylics in the making of dentures which was produced by the Transportation Division of the Company and comprised about 5% of its manufacturing endeavor. Between 50 and 60 persons were employed in the Transportation Division and approximately the same number worked in the Ticonium Division. Respondents were salaried employees in the Transportation Division. The Company maintained separate books of account for each unit.

On the date aforesaid the Company sold the business of its Transportation Division and its corporate name to Midland-Ross Corporation, an Ohio corporation, for the sum of $226,000. The contract of sale stated that " The execution and delivery of this agreement has been duly authorized by the Board of Directors of Consolidated " and contained a covenant that " For a period of five years from and after the time of closing Consolidated shall not, directly or indirectly, engage in any transportation products business now or heretofore done by its Transportation Division." A posted bulletin board notice to

130

its employees announced the discontinuance of the business of this division on October 31, 1958 and the continuance of the operations of the Ticonium Division. Employees of the latter were directed to report for work as usual and those of the former only as notified. As the result of the sale the work force of the Transportation Division, including its seven salaried employees, left the Company's employ. The respondents found employment with Midland-Ross Corporation. The Ticonium Division employees — about 50 in number, eight of whom received salaries — continued in the service of the Company.

On May 31, 1957 the Company had inaugurated separate retirement and profit-sharing plans for the benefit of its 15 salaried employees to the funds of which it made the sole contributions. Eligible to participate therein, the respondents became original members of the program and continued as such until the termination of their employment whereupon the Company reallocated their respective interests to the credit of its remaining members, all Ticonium Division employees.

The plans may be terminated at any time by the board of directors of the Company. In that event provision is made that the trustee shall hold their assets for the sole and exclusive benefit of the members.

The disposal of one of its two entities by authorized sale was an extraordinary incident in the structure, function and life of the Company. It resulted in a significant constriction of its corporate activities and the discharge en masse of about one half of its entire work force. Under these circumstances the program can be said to have been discontinued in the Transportation Division of the Company by action of its board of directors. (*Longhine* v. *Bilson,* 159 Misc. 111.)

*Schneider* v. *McKesson & Robbins* (254 F. 2d 827) and *Bailey* v. *Rockwell Spring & Axle Co.* (13 Misc 2d 29), cited by appellants, are distinguishable. In *Schneider* a similar pension plan to that under review was construed not to have been terminated by a corporation employing approximately 9,000 persons by the discontinuance of a division employing about 1.6% of the total number of participants in the plan. In the latter the plaintiffs lost their employment when the Company sold one of its 17 divisions which employed 108 men of a total work force of 1,740 persons.

The judgment should be affirmed, with costs.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.