Birdie Amsterdam, J.
Determination of this motion to confirm, and cross motion to vacate the report of the Referee, heretofore appointed in this proceeding for the liquidation of the League Union Welfare Trust Fund (hereafter “ Fund ”), is dependent upon the characterization of the assets of that Finid, which are now in the possession of the Superintendent of Insurance of the State of New York. Opposition to the confirmation is raised by the claimant, the Dairymen’s League Co-operative Association, *1024 Inc., which group claims that it, as original grantor of the funds, is entitled to their return.
The Fund was created under a collective bargaining agreement executed in 1949 by the above-named claimant, as representative of the employers, and Local Union 445 of the International Brotherhood of Teamsters, A. F. of L., as representative of the employees. An amendment to the agreement provided for the employer’s contribution of 10 cents per hour of labor towards a pension and welfare plan, which plan was intended to comply with the statutory requirements for disability and sickness benefits. It was later provided in a subsequent amendment that the employer’s contribution be reduced to 4 cents, and the pension portion of the agreement was eliminated. The 6 cents per hour previously paid into the Fund by the employer was distributed to the covered employees. The provisions for administration of the welfare plan were embodied in an ‘1 Agreement and Declaration of Trust ” executed by the parties. Contributions were made to the Fund by the employer until March, 1956. The trust indenture provided for the deposit of the funds in a named bank and their expenditure restricted to administrative expenses, and the procurement of insurance to cover the benefits stated. By March 1,1956 the covered employees were transferred to another local of that union, and contributions were thereafter made to that new local’s welfare trust fund. From 1956, the funds remained on deposit in the trustee’s constructive possession.
In 1964, upon the commencement of this proceeding, possession of the funds vested in the liquidator, the Superintendent of Insurance, pursuant to the provisions of a court order issued pursuant to sections 511 and 513 of the Insurance Law, predicated upon the dormant nature of the Fund for five years prior to that date. Neither the collective bargaining agreement, as amended, nor the trust agreement provided for the manner of distribution of the assets of the Fund, upon its termination.
The Referee, appointed to hear and report on -the manner of distribution of the assets of the Fund, has recommended that the balance on hand be paid over to eligible employee members of the Fund, on the theory that they constitute the beneficiaries of the Fund, which was bargained for and created for their protection. Accordingly, he reports they should receive the amounts which were deposited to insure payment to them of sickness and disability benefits, and which remain solely because they did not become sick or disabled.
The employer claimant asserts that as the sole contributor to the Fund, it is, in effect, the settlor of a trust which has terminated without remaindermen in existence: Therefore, it claims, *1025 as a matter of law there has arisen a resulting trust for the benefit of the settlor.
While there was before the Referee, and there is before the court, considerable argument' over the propriety of classifying these payments as “wages”, one thing does appear clear. Claimant would not have voluntarily paid the funds, had such not been bargained for. This is not said to cast doubt upon the claimant’s good faith, or interest in its employees, but as a matter of common business sense. It is self-evident the payments to the Fund, whether 1 ‘ wages ’ ’ or not, may not properly be deemed gifts or purely voluntary extra emoluments paid by claimant to its employees. Payment of these amounts, a funding of the sickness and disability coverage of its employees, was mandatory, and if not provided for in the manner effected, would have had to be accomplished in another way. Thus the payments were a bargained for part of the compensation due the employees. Once this basic premise is accepted there appears little logic in claimant’s argument. This interpretation is buttressed by the manner of treatment of the 6 cents per hour pension payments which were agreed upon by the parties.
As a matter of law, no compelling precedent has been cited to support either position, although the treatment of similar payments as part of the compensation of the employees is in accord with language of the courts where other problems were at issue. (See Nicolette v. Essenfeld, 11 Misc 2d 197; Martin v. Casey & Sons, 5 A D 2d 185, affd. without opn. 8 N Y 2d 728.) Distribution, in the manner recommended in the Referee’s report, is, also, in accord with language in cases though these cases are not directly in point. (See Matter of Townsend, 130 N. Y. S. 2d 327.) The motion to confirm is granted, and the cross motion denied.