Frank R. Bayger, J.
The plaintiffs in these actions are members of the Tile, Marble and Terrazzo Helpers Subordinate Union No. 8 of Buffalo, New York ("Union”). They seek recovery of funds heretofore paid by their employer to the defendant trust fund ("Fund”) on their behalf pursuant to the Union’s collective bargaining agreements with the local contractors and employers association ("Association”). The employers’ contributions were paid to and administered by the Fund pursuant to an agreement and declaration of trust ("Trust Agreement”) executed by the Union and the Association on July 10, 1969. The Fund was established to provide for the payment of various benefits to the Union membership as authorized by section 302 of the Labor-Management Relations Act of 1947 (US Code, tit. 29, § 186).
The trust agreement defines an "employee” as one for whose benefit contributions are made to the Fund by an employer. The same definition describes those who are eligible for benefit payments under the restated plan of benefits heretofore promulgated by the defendant trustees as authorized by the trust agreement. Under those provisions the plaintiffs were admittedly qualified and eligible for benefit payments at least until July 1, 1975, the effective date of the current collective bargaining agreement between the Union and plaintiffs’ employer. Under that agreement amounts previously contributed to the Fund on the plaintiffs’ behalf were paid directly to the employee as a wage increase.
The plaintiffs now contend that the discontinuation of employer contributions to the Fund makes them ineligible for benefits as they are no longer "employees” as defined by the trust agreement and the restated plan of benefits. They claim that the beneficial purposes of the trust are therefore impossible of performance in their case and that the trust as well as the trustees’ estate in the assets of plaintiffs’ accounts must be deemed to be terminated and that the Fund’s continued retention of those accounts constitutes a conversion of plaintiffs’ funds and an unjust enrichment of the Fund and any remaining beneficiaries (see Nicolette v Essenfeld, 11 Misc 2d *546 197 Matter of League Union Welfare Trust Fund [Dairymen’s League], 53 Misc 2d 1023).
The defendants resist these claims on the grounds that such payments would violate the purposes and provisions of the trust agreement as well as the provisions of the Internal Revenue Code under which the Fund operates and exists as a tax-exempt employees’ organization, US Code, tit 26, § 501, subd [c], par [9], It is their contention that regardless of the discontinuation of the employer contributions contemplated by the trust agreement and the benefit plan, the trust continues to exist for the benefit of the union membership and that plaintiffs continue to be eligible for the scheduled benefits even though contributions are no longer made on their behalf.
The plaintiffs’ claims are primarily founded upon the premise that the employers’ contributions to the Fund represent escrowed wages and compensation earned by the employees and that upon termination of an employee’s eligibility for distributive payments from his account, the balance then remaining in the hands of the trustees should be paid over to the employee (cf. Martin v Casey & Sons, 5 AD2d 185; Matter of League Union Welfare Trust Fund [Dairymen’s League] 53 Misc 2d 1023, supra; Nicolette v Essenfeld, 11 Misc 2d 197, supra; Longhine v Bilson, 159 Misc 111; but see Fernekes v CMP Ind., 13 NY2d 217). While such a result might be appropriate in other circumstances, it would be most inappropriate under the facts of this case.
Regardless of how the employers’ contributions are characterized, it is immediately apparent from a reading of the trust agreement that the fund thus created is not an escrowed collection of individual accounts as suggested by the plaintiffs. The trust agreement clearly contemplates and is intended to establish a common trust fund from which various benefits might be paid to or on behalf of eligible employees in accordance with a plan of benefits adopted by the trustees. The plan so adopted in this case provides for such payments upon the happening of various contingencies, the maximum amount of such payments to be determined in each case by the extent of employer contributions theretofore made on the employee’s behalf. The plaintiffs’ claims herein are partially founded upon this individual crediting of employer contributions to the Fund. But it does not follow that the contributions must therefore be deemed to be escrowed wages or compensation *547 otherwise payable to the individual employee. Under the terms of the trust agreement these contributions were made to the Fund and title thereto was vested in the trustees albeit in trust for the benefit of the Union members Matter of Townsend, 130 NYS2d 327). The contributions do not constitute taxable income to the employees under the Internal Revenue Code and applicable Treasury Department regulations, US Code, tit 26, § 501, subd [c], par [9]. The individual crediting of such contributions serves merely to measure or determine the extent or amount of benefits payable to the individual employee under the prevailing benefit plan. The individual employees acquired, at most, an equitable interest in the accumulated contributions as contingent beneficiaries of the trust (Nicolette v Essenfeld, 11 Misc 2d 197, supra; and see trust agreement, art. VII, § 2).
While it has been said that such equitable interests may be properly terminated and employees’ rights in such funds forfeited (see Fernekes v CMP Ind. 13 NY2d 217, supra; Nicolette v Essenfeld, supra) such a result has not been accomplished in this case. Pursuant to authority granted by article IV, section 2 of the trust agreement, the defendant trustees have interpreted that agreement and their current benefit plan in such a manner as to insure plaintiffs’ continuing eligibility for benefits regardless of the discontinuation of employer contributions on their behalf. It is their position that once an employee has been credited with the required minimum number of employer contributions, as have the plaintiffs herein, eligibility for benefits is vested and remains so regardless of a subsequent discontinuation of employer contributions. Courts have previously sustained similar good faith efforts by trustees faced with situations obviously unforeseen at the time the trust was negotiated and established, especially where, as in this case, the actions of the trustees serve to effectuate the obvious purposes of the trust and prevent a forfeiture of rights or other apparent injustice (Nicolette v Essenfeld, supra). The plaintiffs thus remain eligible for benefits in accordance with the Fund’s restated plan of benefits.
For these reasons the plaintiffs’ motion is denied and the defendants’ motion for dismissal of the complaints pursuant to CPLR section 3211 (subd [a], par 7) is, in all respects, granted.